NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

FRANKLYN MORILLO,          :
                          :    Civ. No. 22-1723 (RMB)
          Petitioner,      :
                          :
     v.                    :         **OPINION**
                          :
WARDEN, FCI FAIRTON,       :
                          :
          Respondent.      :
_____

BUMB, United States District Judge

Petitioner Franklyn Morillo, a convicted and sentenced federal prisoner confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that he is challenging the execution of his sentence based on errors in calculating his sentencing guidelines range. (Mem. in Supp. of Pet., Docket No. 1-1 at 3.) Specifically, Petitioner avers that:   (1) he is "innocent of the enhancement for the aggravated leadership role pursuant to U.S.S.G. § 3B1.1"; (2) his guilty plea, with respect to the aggravated leadership role enhancement, was not knowingly and voluntarily made; (3) he is innocent of the stash house enhancement; and (4) he is innocent of the quantity of drugs attributed to him. (*Id.* at 3-13.) For relief, Petitioner seeks resentencing. This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

## I.     Petitioner's Conviction and Sentence

Petitioner is serving a sentence imposed on May 8, 2017, by the United States District Court, District of New Hampshire in Criminal Action No. 15-174-02-SM. (Pet., Docket No. 1, ¶ 4.)[2] Petitioner raised similar issues to those raised here in a prior motion under 28 U.S.C. § 2255, and his claims were denied. (*Id.*, ¶ 10a.)[3]

## II.    DISCUSSION

### A.     Jurisdiction Under 28 U.S.C. § 2241

28 U.S.C. § 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless--(3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States." However, "a federal prisoner's first (and most

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

[2] The Court takes judicial notice that the docket in Petitioner's criminal action is available on the courts' Public Access to Court Electronic Records, available at www.pacer.gov. Petitioner pled guilty to conspiracy to distribute, and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). (Docket No. 203).

[3] *See Morillo v. United States*, 1:20-cv-00164-SM (D.N.H. Nov. 30, 2020) (order denying § 2255 motion), available at www.pacer.gov.

often only) route for collateral review of his conviction or sentence is under § 2255."

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). "[A] federal

prisoner may resort to § 2241 only if he can establish that 'the remedy by motion

[under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Bruce*,

868 F.3d at 178 (quoting § 2255(e)) (additional citations omitted). Congress added

significant limitations to § 2255 by amendment in 1996, although the saving clause

remained intact. *Id.* at 178-79. One of those limitations is that "a federal prisoner

may only file a second or successive motion under § 2255 on the basis of 'newly

discovered evidence' or a 'new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, that was previously unavailable.'" *Id.*

(quoting § 2255(h)). Because Congress omitted to provide an exception for new rules

of statutory interpretation that are retroactive on collateral review, the Third Circuit

held that

> in the unusual situation where an intervening change in
> statutory interpretation runs the risk that an individual was
> convicted of conduct that is not a crime, and that change
> in the law applies retroactively in cases on collateral
> review, he may seek another round of post-conviction
> review under § 2241.

*Id.* at 179 (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). The Third

Circuit has not decided whether § 2241 is appropriate for bringing a claim that one is

actually innocent of a sentencing enhancement after a change in decisional law.

*Robinson v. Warden Canaan USP*, 845 F. App'x 191, 194 (3d Cir. 2021).

### C.     Analysis

Petitioner, who has already brought a § 2255 motion in the District of New Hampshire, seeks to challenge his sentencing enhancements under § 2241. The Third Circuit has not recognized that such claims fit within the saving clause of § 2255(e). This Court does not believe the Third Circuit would recognize a new exception in this case because Petitioner does not rely on a new, retroactive rule of either constitutional law or statutory interpretation. Instead, he seeks to raise similar claims to those that were denied in his § 2255 motion or that he could have raised either on direct appeal (if not waived by his guilty plea)[4] or in his first § 2255 motion. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255") (quoting *In re Dorsainvil*, 119 F.3d at 251.) Therefore, this Court lacks jurisdiction over the petition under § 2241. While this Court could transfer the petition, pursuant to 28 U.S.C. § 1631, to the First Circuit Court of Appeals for consideration as a second or successive § 2255 motion under § 2255(h), it is not in the interest of justice to do so because Petitioner does not rely on newly discovered evidence or a new rule of constitutional law.

---

[4] *See United States v. Morillo*, 910 F.3d 1, 3 (1st Cir. 2018) ("Morillo's appeal waiver bars his challenges to his sentence, including both the sentencing enhancements and the supervised-release conditions.")

## III.    CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition for lack of jurisdiction.

An appropriate order follows.

**Dated:**    <u>August 25, 2022</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**
